653 F.2d 289
 Julie DOMMER, Individually and on behalf of all others
similarly situated, Plaintiffs-Appellees,
v.
Jack F. CRAWFORD, Prosecuting Attorney for the 31st Judicial
Circuit for the State of Indiana, Defendant-Appellant.
 No. 80-1364.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 26, 1980.
Decided July 7, 1981.
Rehearing and Rehearing En Banc Denied July 9, 1981.
 
 Fred L. Mock, Deputy Pros. Atty., Crown Point, Ind., for defendant-appellant.
 Myrna Hart, University School of Law, Valparaiso, Ind., for plaintiffs-appellees.
 Before PELL, Circuit Judge, SKELTON, Senior Judge,* and WOOD, Circuit Judge.
 PER CURIAM.[1]
 
 
 1
 Plaintiffs filed this class action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief for the unlawful practice of the Gary, Indiana police in arresting and holding individuals in excess of twenty-four hours without felony charges or producing them before a magistrate for a determination of probable cause to hold the individuals, contrary to Indiana law, I.C. 18-1-11-8. The class was certified to be those persons without counsel who were arrested and incarcerated for an unreasonable time without compliance with the applicable Indiana statute.
 
 
 2
 The defendants were various officials of the City of Gary and Lake County, Indiana, including appellant Jack H. Crawford, prosecuting attorney for the 31st Judicial Circuit for the State of Indiana. The district court granted the relief sought in the form of a declaratory judgment and mandatory injunction.[2] Only the prosecuting attorney has appealed.
 
 
 3
 Count C of the complaint is the only Count before us on appeal,[3] and only insofar as it pertains to defendant Crawford. The prosecuting attorney was not originally named as a defendant. Upon motion of certain other defendants, Crawford's predecessors in office were named as parties, with Crawford substituted for his predecessors less than a week prior to the entry of judgment.
 
 
 4
 Prior to amendment, Count C contained allegations only of improper police delay. When the prosecuting attorney was named as a defendant, the following paragraph was added to section III of Count C, no other changes being made in the complaint:
 
 
 5
 1a. After the arrest of one suspected of committing a crime, the police officers are responsible for preparing the case for presentation to the Lake County Prosecuting Attorney who makes the final decision on whether or not to file a charge in a court in Lake County with criminal jurisdiction. Thus there are two possible delays in bringing an accused into court: a) a delay caused by the police in processing the case for presentation to the prosecuting attorney, and b) a delay caused by the prosecuting attorney in the preparation, service and filing of the charge in court. Defendant city officials contend they cannot remedy the delay caused by the defendant prosecuting attorney and his staff.
 
 
 6
 A state officer named in a suit brought under 42 U.S.C. § 1983 must be in some manner responsible for the alleged deprivation of rights. See Duncan v. Duckworth, 644 F.2d 653 at 655 (7th Cir. 1981) (hospital administrator is appropriate party where prison hospital conditions are subject of suit). In this case, the amended portion of Count C informs us about "two possible delays," one being caused by the prosecuting attorney in filing a charge. But since Crawford in his capacity as a prosecutor has no authority under Indiana law to order city police to detain arrestees past the statutory time limits, the complaint fails to state a cause of action against him. Unlike the hospital administrator in Duncan, Crawford has no responsibilities that make him a suitable defendant in this case.
 
 
 7
 It is the city police force and not the prosecutor's office that has the responsibility under Indiana law to bring before a magistrate those they arrest. Thus, as regards the city police, "(w)henever any arrest has been made by any member of the police force, the officer making the arrest shall bring the person before the court having jurisdiction of the offense, to be dealt with according to law .... But no person may be detained longer than twenty-four (24) hours, except where Sunday intervenes, in which case no person may be detained longer than forty-eight (48) hours." I.C. 18-1-11-8 (emphasis added; brackets in original).
 
 
 8
 Custody, then, is vested solely in the city police, not the prosecutor. It is the city police who are by law charged with the duty to honor the statutory time limits or else release the arrestees.[4] Because the prosecutor's responsibility to conduct criminal cases does not encompass the initial appearance procedure as applied to individuals arrested by city police, the complaint fails to state a cause of action against Crawford.
 
 
 9
 That is so regardless of the plaintiffs' assertions in their briefs that the prosecutor is involved at the initial appearance stage because as a matter of practice the prosecutor's office represents the state's interests during that proceeding. The plaintiffs' point is irrelevant, since it is not questioned on appeal that the relief sought in the complaint is directed to the persons having custody of the class members, not to the conduct of the hearing.
 
 
 10
 The complaint vaguely alleges that there are "two possible delays," only one of which is attributable to the prosecuting attorney as he is the one who prepares, serves and files a charge in court. It is not alleged that the prosecutor is actually responsible for prolonged detention. Nor is it alleged that the prosecuting attorney has some statutory control over detention which he is ignoring. It cannot be said that under Indiana law a prosecutor who may be merely dilatory in fulfilling the responsibilities of his own office thereby provides local police officials with a waiver of their statutory duties placing a limit on detention. The plaintiffs conclude the only paragraph of their complaint relating in part to the prosecutor by alleging that the other defendants, the city officials, claim they cannot remedy any possible delay caused by the prosecutor. In effect the plaintiffs allege that the defendant city officials claim to have some excuse for their actions in an attempt to shift part of the blame to the codefendant prosecutor. However, not even the codefendants, according to the plaintiffs' complaint, claim that the prosecuting attorney, somehow by orders or otherwise, causes them to violate the Indiana statute which places the detention restrictions squarely on them, not the prosecutor. The issue is solely detention and neither the complaint nor Indiana law puts responsibility for detention on the prosecutor.
 
 
 11
 The relief accorded must be directed to those who impinge plaintiffs' liberty by detaining arrestees for too long a period: i. e., the Gary City police. Complete relief was accorded the class when the district court entered its injunction requiring the city police to promptly bring class members before a court for an initial appearance or else release them from custody. If the prosecutor now wishes to have anything to do with the initial appearances of arrestees, he will have to conform his timetable of participation to that established by statute for the city police, and enforceable under the district court's order.
 
 
 12
 Insofar as it relates to the actions of defendant Crawford, the district court's order is reversed. The rest of the order, directed to the Gary police, remains undisturbed by this decision.
 
 
 
 *
 The Honorable Byron G. Skelton, Senior Judge of the United States Court of Claims, sitting by designation
 
 
 [1]
 A prior opinion was issued in this case and is reported at 7 Cir., 638 F.2d 1031. A timely Petition for Rehearing with Suggestion for Rehearing En Banc was filed. That Petition is denied. The original opinion is withdrawn and superceded by this opinion
 
 
 [2]
 The injunction required the defendants as a group to bring arrestees for an initial appearance before a magistrate within twenty-four hours of arrest, except in certain circumstances. The terms of the injunction did not delineate any action to be taken specifically by the prosecutor. The injunction required the defendants to file with the district court a monthly report that detailed their compliance with the injunction's terms. Eleven months after entry of the injunction, the district court lifted the defendants' obligation to make any further reports
 
 
 [3]
 Counts A and B alleged a variety of conditions at the Gary City Jail that were deleterious to the health of the class members. Those Counts were the subject of a declaratory judgment stipulated to by the parties and approved and entered by the district court. They are not involved in this appeal
 
 
 [4]
 Cf. Grooms v. Fervida, Ind.App., 396 N.E.2d 405, 411 (1979), where the court notes that the strict time limits contained in I.C. 18-1-11-8 apply solely to city police, and not to the state or county police when they act in concert with the prosecuting attorney. See I.C. 17-3-14-5, defining the powers and duties of the county police. The county and state police forces were not parties to this case