79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arvester FLEMING, Jr., Plaintiff-Appellant,
v.
Eric RHYMER, Colonel Rzeszewski, and John Doe, I,
Defendants-Appellees.
 No. 94-3051.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided March 12, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Arvester Fleming, Jr., filed an action pursuant to 42 U.S.C. § 1983 requesting compensatory and punitive damages from three officers of the South Bend Police Department. In his complaint, as amended, Fleming alleged that the defendants were responsible for his detention for more than twenty-four hours without a magistrate's determination of probable cause, and thus violated his Fourth Amendment rights. Fleming alleged two separate Fourth Amendment violations: one by officers Rhymer and Rzeszewski after an arrest on July 29, 1991, and the other by the officer whom Fleming calls "John Doe I" after an arrest on August 20, 1991. In response to Rhymer and Rzeszewski's first motion to dismiss, the district court dismissed the action without prejudice and with leave to amend. Fleming amended his complaint, whereupon Rhymer and Rzeszewski filed a second motion to dismiss. Fleming responded to the motion, and in doing so attempted to add a claim that Rhymer and Rzeszewski used excessive force after the July 29 arrest. The district court denied Rhymer and Rzeszewski's second motion to dismiss, adopting the recommendation of the magistrate judge that the amended complaint had stated a Fourth Amendment violation under Gerstein v. Pugh, 420 U.S. 103 (1975). Rhymer and Rzeszewski then filed a motion for summary judgment. The district court granted the motion, concluding that "it does not appear that these defendants [Rhymer and Rzeszewski] were obligated to proceed with the requirements under Gerstein v. Pugh...." The district court further concluded that there was probable cause for the July 29 warrantless arrest, and incorporated into the order an order from an unrelated case that discussed the standards for probable cause for warrantless arrests, as well as the subject of excessive force. The district court entered judgment for all defendants, and Fleming appeals. We review de novo the district court's grant of summary judgment to determine if no genuine issue of material fact exists and if the moving party must prevail as a matter of law. Fed.R.Civ.P. 56; Church v. General Motors Corp., 74 F.3d 795, 798 (7th Cir.1996).
 
 
 2
 Fleming's claim that Rhymer and Rzeszewski used excessive force was made neither in his original nor his amended complaint. The claim appears only in Fleming's response to the second motion to dismiss and in his response to the motion for summary judgment. Fleming assumes that he adequately presented this claim to the district court, and the appellees apparently assume likewise, contending only that Fleming's claim is barred by the statute of limitations. However, we must conclude that Fleming has forfeited this claim in failing to follow the requirements of Fed.R.Civ.P. 15(a). Fleming had already amended his complaint once, and under Rule 15(a) was allowed to amend his complaint again "only by leave of the court or by written consent of the adverse party." Fed.R.Civ.P. 15(a). Fleming did not receive (or even seek) leave of the court or written consent to add this claim. His attempts to add a claim by briefs in response to the second motion to dismiss and the motion for summary judgment, or by appellate brief, are improper. See Thompson v. Nachtrieb, 888 F.2d 1202 (7th Cir.1989); Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.1984), cert. denied, 470 U.S. 1054 (1985). Accordingly, we will not consider Fleming's arguments on the merits of his claim of excessive force.
 
 
 3
 The appellees contend that neither Rhymer nor Rzeszewski had any personal responsibility for the Fourth Amendment violation alleged against them. They assert that Rhymer and Rzeszewski were not responsible for Fleming's detention, except for a brief period (about an hour, according to Rhymer's undisputed case report) in which they transported Fleming to detention at the St. Joseph County Jail. In sworn affidavits submitted with their summary judgment motion, Rhymer and Rzeszewski stated that neither of them had further contacts with or took further actions with respect to Fleming after they turned him over to St. Joseph County Jail authorities. They further stated in their affidavits that the Sheriff's Department of St. Joseph County maintains the St. Joseph County Jail, and that the City of South Bend (the employer of Rhymer and Rzeszewski) has no authority over the operation of St. Joseph County Jail.
 
 
 4
 In Gerstein, the Supreme Court held that the Fourth Amendment requires a judicial determination of probable cause before an individual arrested without a warrant may be subjected to an extended restraint of liberty. Gerstein, 420 U.S. at 113-14; see also County of Riverside v. McLaughlin, 500 U.S. 44 (1991). As with other constitutional violations alleged in § 1983 suits, the plaintiff must show that the defendants were personally responsible for the deprivation of a Gerstein hearing. Patrick v. Jasper County, 901 F.2d 561, 569-70 (7th Cir.1990); Patton v. Przybylski, 822 F.2d 697, 701 (7th Cir.1987); Dommer v. Crawford, 653 F.2d 289, 291 (7th Cir.1981) (per curiam). Fleming alleges that Rhymer and Rzeszewski informed him that there would be a probable cause hearing and that they would attend. However, this allegation does not indicate that Rhymer and Rzeszewski were in any way responsible for the alleged failure to provide a probable cause hearing, or for the alleged unconstitutional duration of Fleming's detention. According to the undisputed facts, Rhymer and Rzeszewski did not have authority to detain Fleming once they left him at St. Joseph County Jail. Since neither Rhymer nor Rzeszewski were responsible for his allegedly prolonged detention, they cannot be held liable under § 1983 for any violation of Fleming's rights under Gerstein. Dommer, 653 F.2d at 291; see also Patrick, 901 F.2d at 569-70; Patton, 822 F.2d at 701.
 
 
 5
 One issue remains in Fleming's appeal: the entry of summary judgment in favor of "John Doe I." Counsel for the defendants filed the motion for summary judgment on behalf of Rhymer and Rzeszewski alone.[1] In granting summary judgment, the district court did not address Fleming's claim against John Doe I. Yet, the district court entered summary judgment for all defendants, including John Doe I.[2] A judge may grant summary judgment in favor of all defendants even if only some defendants have moved for summary judgment. Hunger v. Leininger, 15 F.3d 664, 669 (7th Cir.) (citations omitted), cert. denied, 115 S.Ct. 123 (1994). Unless a claim is frivolous, however, a district court can only take this sua sponte action if the court gives the parties notice of its intention to do so and an opportunity to respond, English v. Cowell, 10 F.3d 434, 437 (7th Cir.1993) (citations omitted), or "where nonmoving defendants are in a position similar to that of moving defendants or where the claims against all the defendants are integrally related," see Rosser v. Chrysler Corp., 864 F.2d 1299, 1304 (7th Cir.1988). The district court did not give notice of its intention to grant summary judgment in favor of John Doe I. Furthermore, while the type of claim against John Doe I was the same as that against Rhymer and Rzeszewski, John Doe I was not necessarily in a similar position to the other two officers: the claim against John Doe I arose from a completely separate set of alleged events, which may (at least conceivably) provide the basis for a different conclusion as to whether John Doe I was liable. We must remand the claim against John Doe I, but we express no opinion as to the merits of the claim, or as to the proper course of proceedings concerning this claim.[3]
 
 
 6
 Accordingly, we REVERSE the judgment with respect to John Doe I, and REMAND for further proceedings consistent with this opinion. The judgment is in all other respects AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 We note that counsel entered appearances in the district court and in our court, and filed a brief in our court, on behalf of Rhymer, Rzeszewski, and John Doe I
 
 
 [2]
 The record does not indicate the real name of "John Doe I," and the Marshals Service failed in its attempt to serve "John Doe, Unknown Police Officer," at the South Bend Police Department
 
 
 [3]
 Fleming has sufficiently contested the entry of summary judgment for John Doe I to avoid waiving the challenge on appeal. In the statement of facts in his appellate brief, Fleming notes that "[t]his complaint consist [sic] of two separate arrest dates the second being August 20, 1991, Appellant was arrested by South Bend Indiana Police Officer John Doe # 1." Later in the statement of facts, Fleming provides greater detail on his allegations against John Doe I. In the summary of the argument section, Fleming states that he "was arrested without a warrant and subjected to an extended restraint of liberty by Appellees Rhymer, Cpl. Rzeszewski, and John Doe # 1," and asserts that "Appellees" deprived him of his constitutional rights. Fleming does not refer to the actions of John Doe I at all in the argument section of the brief, focusing his Fourth Amendment argument solely on district court's discussion as to the claim relating to the July 29 arrest. However, given that we must read pro se briefs liberally, Whitford v. Boglino, 63 F.3d 527, 535 n. 10 (7th Cir.1995) (per curiam), we believe that Fleming has challenged on appeal the entry of summary judgment for John Doe I