**Clifford AVERY**

v.

**Warden Everett I. PERRIN, Jr.**

**No. C–79–174L.**

United States District Court,
D. New Hampshire.

June 11, 1979.

Clifford Avery, pro se.

Thomas D. Rath, Atty. Gen., State of N. H., Concord, N. H., for defendant.

## FINDINGS OF FACT AND RULINGS OF LAW

LOUGHLIN, District Judge.

The Court makes the following findings of fact and rulings of law.

This is a petition by an inmate of the New Hampshire State Prison who is serving a life sentence for murder who complains about his constitutional rights being infringed relative to privacy.

Petitioner did not desire to present any evidence. The defendant presented two witnesses. Deputy Warden, Nicholas Pishon and Helena Spead.

The gist of Petitioner's complaint is that Ms. Spead, a mail clerk at the prison for the past three months, sees him in various stages of undress and using toilet facilities.

The Deputy Warden testified that according to mail regulations, Helena Spead must sort the mail and personally deliver it to the inmates at their respective cells.

Helena Spead testified that she has been an employee at the prison for four and a half years, a mail clerk the past three months. She testified that mail was delivered during the noon hour when all inmates were in their cells. The time of delivery never deviated more than one or two minutes. She also testified that she never viewed complainant in various stages of undress or using the toilet facilities. Complainant's cell was approximately in the center of the cell block of the sixth division. Ms. Spead, upon inquiry by the Court disclosed that plaintiff received mail approximately once a week, but did pass by plaintiff's cell on her daily mail route.

Plaintiff relies entirely on the recent decision in *Forts v. Ward,* 471 F.Supp. 1095 (S.D.N.Y.1978) to vindicate his alleged violation of his right to privacy.

To place this matter in proper perspective, the realities of the situation must be observed.

First, the realities of running a penal institution are complex and difficult, it is recognized that wide-ranging deference is to be accorded the decisions of prison administrators. *Jones v. N. C. Prisoners' Labor Union, Inc.,* 433 U.S. 119, 126, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *Procunier v. Martinez,* 416 U.S. 396, 405, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). "[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities", *Procunier v. Martinez,* 416 U.S. 396 at 405, 94 S.Ct. 1800 at 1807. See also *Cruz v. Beto,* 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1971). Administrator's judgments, unless made arbitrarily or in conflict with particular rights given by the Constitution or statute are entitled to respect and probably finality, *Wolfish v. Levi,* 439 F.Supp. 114, 124 (S.D.N.Y.1977).

Secondly, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system", *Jones v. N. C. Prisoners' Labor Union, Inc.,* 433 U.S. 119 at 125, 97 S.Ct. 2532 at 2538; *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). The fact of confinement and the needs of the penal institution by their nature impose limitations on constitutional rights, *Jones v. N. C. Prisoners' Labor Union, Inc.,* 433 U.S. 119 at 125, 97 S.Ct. 2532. However, a prison inmate retains those constitutional rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the correctional system *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). It is evident that there cannot be complete harmony in the prison setting between a prisoner's right to privacy and the efficient administration of the prison and unfortunately, a prisoner must relinquish some portion of this constitutionally protected right. *Wolfish v. Levi,* 573 F.2d 118, 131 (2nd Cir. 1978).

The case at hand requires the Court to balance somewhat conflicting constitutional rights, keeping in mind the setting

involved. Plaintiff's right to some minimum of privacy is balanced with the right of equal job opportunity regardless of sex, as mandated by the Civil Rights Act of 1964, Title VII, 42 U.S.C.A. § 2000e et seq., *Forts v. Ward,* 471 F.Supp. at 1098. See also *Wolfish v. Levi,* 439 F.Supp. at 159–161.

Plaintiff suggests that the fact that a female guard delivers mail to or walks by plaintiff's cell once per day at a specified time which deviates no more than two to three minutes violates his right to privacy because of the possibility that plaintiff might be observed naked, partially clad or using the toilet facilities. Against this alleged intrusion, this Court must balance the mandates of Congress as set forth in the Civil Rights Act of 1964. This Court without hesitation finds that plaintiff's right or privacy is not infringed by the delivery of mail by a female guard when viewed in light of the lofty goals of equal job opportunity.

Plaintiff relies on *Forts v. Ward,* 471 F.Supp. 1095 as authority for his requested relief. A review of the facts there presented indicates the Court was dealing with numerous infringements upon the prisoner's right to privacy none being as de minimus as plaintiff's complaint. The facts presented by plaintiff indicate that the alleged intrusion happens daily and with precision. Plaintiff can easily regulate his daily routine to complement the mail delivery time schedule.

Judgment for the defendant.