981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Michael THOMAS, Plaintiff-Appellant,
v.
Wilford SHIELDS, Superintendent; John Williams, Assistant
Superintendent; Joel Herron, Central Unit
Manager; Sergeant Horne, First Shift
Sergeant Central Unit,
Defendants-Appellees.
 No. 92-6678.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 10, 1992
Decided: December 15, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-91-168-CRT-BO)
 Charles Michael Thomas, Appellant Pro Se.
 Jane Ray Garvey, Office of the Attorney General of North Carolina, Raleigh, North Carolina, for Appellees.
 E.D.N.C.
 Affirmed.
 Before WILKINS, Circuit Judge, and BUTZNER and SPROUSE, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Charles Thomas, a North Carolina prisoner, filed this 42 U.S.C. § 1983 (1988) action, alleging that his right to privacy was violated by cross-gender supervision, when female guards were able to view him in the shower and on the toilet in his cell. He sought both damages and injunctive relief. The district court granted the Defendants' Motion for Summary Judgment. We affirm.
 
 
 2
 The district court held that Thomas had not sued any Defendant responsible for the alleged constitutional violation. Because all of the Defendants were male, they could not have invaded Thomas's privacy in the complained of manner. Alternatively, the court found that the Defendants possessed qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982).
 
 
 3
 The district court's analysis supports the grant of summary judgment for three of the four Defendants, Williams, Herron, and Horne. All three averred that female officers perform substantially the same duties as male officers and that they had no authority to change the job duties of correctional officers to limit the possibility that female officers would see inmates on the toilet or in the shower. The district court correctly found that these three Defendants were not responsible for the alleged deprivation of Thomas's rights. Dommer v. Crawford, 653 F.2d 289, 291 (7th Cir. 1981).
 
 
 4
 The remaining Defendant, Shields, was the superintendent of Hoke Correctional Institution. Unlike his co-defendants, Shields did not aver that he lacked responsibility for the job duties assigned to female corrections officials. In fact, Shields defended the policy: staff must be able to supervise inmates at all times; female officers perform the same duties as males, and must, if they are to be eligible for promotion; limiting females to assignments outside of housing areas would cause scheduling problems; occasional encounters between female guards and inmates partially or completely unclothed are incidental to the guards' duties.
 
 
 5
 Because Shields was responsible for the assignment of job duties to female corrections officers and injunctive relief was requested, the claim must be addressed on the merits. Cross-gender supervision passes constitutional muster if it meets the test for constitutionality of prison regulations articulated in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Thomas's right to privacy was not violated by the occasional, inadvertent encounter with female guards. See Timm v. Gunter, 917 F.2d 1093, 1101-02 (8th Cir. 1990) (minimal intrusions on privacy outweighed by institutional concerns for safety and equal employment opportunity), cert. denied, 59 U.S.L.W. 3823 (U.S. 1991); Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988) (infrequent or casual observation does not warrant court interference); Riddick v. Sutton, No. 91-207-CRT-D, slip op. at 9-10 (E.D.N.C. May 8, 1992) (infringement of right to privacy de minimis; cross-gender supervision reasonably related to legitimate penological interest); Johnson v. Pennsylvania Bureau of Corrections, 661 F. Supp. 425, 431 (N.D. Pa. 1987) (occasional inadvertent encounter not actionable); Avery v. Perrin, 473 F. Supp. 90 (D.N.H. 1979) (de minimis encounter does not violate constitutional rights).
 
 
 6
 Accordingly, we affirm the district court's grant of summary judgment to the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED