986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald GRAHAM, Plaintiff-Appellant,
v.
Fred VAN DER VEUR, Warden; VAN AUSTIN, Dr.; ANN MCDONALD,
Dr.; KAY PRESTON; WILLIAM EASTMAN; OFFICER
NUNLEY; DON CARROLL; JIM GABER,
Defendants-Appellees.
 No. 92-4123.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1992.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Graham, a state inmate proceeding pro se, appeals the district court order which dismissed Mr. Graham's § 1983 claim as frivolous under 28 U.S.C. § 1915(d). We affirm.
 
 
 3
 Mr. Graham, who is incarcerated in a Utah prison, filed his pro se § 1983 action against various officers and medical personnel of the prison. He alleged he "was suffering from a manic depression state" and "was complete out of control with a rage mood swing." (R. Vol. I, tab 2 at 3.) He claims a verbal exchange between himself and some of the defendants triggered a "psychotic episode" and that he was given 45 days of "punitive isolation" without first obtaining "medical consultation" to determine whether this punishment would aggravate his condition. Mr. Graham further charged that various defendants failed to act to protect him from this action and that all defendants "bread their duty." (R., Vol. I, tab 2 at 4.)
 
 
 4
 The complaint was referred to a magistrate judge who filed an eight page Report and Recommendation analyzing the complaint. This report set forth in detail the allegations pertaining to Mr. Graham's right to medical treatment under the Eighth Amendment and concluded Mr. Graham had no arguable legal or factual basis for his claim. The report recommended the complaint be dismissed under 28 U.S.C. § 1915(d). Mr. Graham filed objections and the district court adopted the magistrate's report. We attach hereto a copy of the magistrate judge's Report and Recommendation as filed on June 10, 1992.
 
 
 5
 Mr. Graham appeals this order and asserts, inter alia, "they didn't ... [give me] time to prove through ... process, or grant me [an] attorney to produce witnesses." (Appellant's Br., p. 3.) He further asserts he produced sufficient evidence in his objections to the magistrate's report.
 
 
 6
 Looking next to the objections filed by Mr. Graham, he concludes "the medical need is so obvious that even a lay person would recognize the need for treatment," and he argues he can prove the defendant doctors "did act deliberate indifferent ... by the countless prisoners protesting of my condition ... [by] keeping them awake at night."
 
 
 7
 Mr. Graham fails to perceive the difference between facts and conclusions. Mr. Graham first had to plead facts showing he had an obvious medical need. Mr. Graham failed to do so, as he only alleged he was "raging" and the prison officers needed to quell the disturbance. Next Mr. Graham had to allege facts showing the defendants were deliberately indifferent to his medical needs. Mr. Graham only alleged the defendants were negligent in failing to notice or diagnose his medical condition and they were negligent in failing to base their actions upon his condition. Negligence or carelessness does not necessarily amount to deliberate indifference.
 
 
 8
 Mr. Graham's pleading burden was to set forth facts showing a medical need and that the defendants failed to meet this medical need through deliberate indifference. Mr. Graham does not have a claim against prison officials based upon a violation of the United States Constitution or federal law. The United States Constitution does not protect Mr. Graham's medical needs from negligence but only from deliberate indifference.
 
 
 9
 The judgment of the district court is AFFIRMED for substantially the same reasons set forth by the magistrate judge. The mandate shall issue forwith.
 
 ATTACHMENT
 
 10
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
 
 CENTRAL DIVISION
 
 11
 Ronald Graham, Plaintiff,
 
 
 12
 v.
 
 
 13
 Fred Vanderveur, Dr. Van Austin, Dr. Ann McDonald, Kay
 
 
 14
 Preston, William Eastman, Officer Nunley, Don
 
 
 15
 Carroll, Jim Gaber, Defendants.
 
 Case No. 92-C-459 J
 
 16
 (June 10, 1992).
 
 REPORT AND RECOMMENDATION
 
 17
 This case has been referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B). Plaintiff Graham, currently an inmate at the Utah State Prison at Draper, Utah, was formerly an inmate at the Central Utah Correctional Facility (CUCF). Plaintiff has filed suit under 42 U.S.C. § 1983 alleging that his right to medical treatment under the eighth amendment has been violated by the defendants. Plaintiff is proceeding pro se and has been granted permission to file this complaint in forma pauperis under 28 U.S.C. § 1915(a). The issue before this court, then, is whether this complaint should be dismissed as frivolous under 28 U.S.C. § 1915(d) or process served on the defendants.
 
 Factual Background
 
 18
 The defendants are all employed at CUCF. They are: (1) Fred Vanderveur, the warden at CUCF; (2) Dr. Van Austin, a psychiatrist; (3) Ann McDonald, a psychologist; (4) Kay Preston, a lieutenant in charge of control; (5) William Eastman, "head officer"; (6) Officer Nunley, an officer in charge of opening cell doors; (7) Don Carroll, an Inmate Disciplinary Hearing Officer; and (8) Jim Gaber, a counselor responsible for answering grievances and classifying prisoners. The plaintiff claims that defendants violated his eighth amendment rights.
 
 
 19
 The case arose when defendant Nunley and plaintiff had a verbal exchange. Plaintiff claims that he was manic depressive and the verbal exchange with Officer Nunley triggered a "psychotic episode." Evidently, the plaintiff became enraged at Officer Nunley and when Lt. Preston and Officer Eastman arrived they assisted Nunley in securing the plaintiff. Following this event, plaintiff was given 45 days of "punitive isolation." Plaintiff claims that defendants Nunley, Preston and Eastman did not obtain any medical consultation, thereby depriving him of his eighth amendment rights. Moreover, plaintiff claims that defendants Carroll and Gaber deprived him of his eighth amendment rights by failing to get a medical opinion on the effect of punishment on the plaintiff's condition. Finally, plaintiff claims that defendants Vanderveur, Austin, and McDonald did nothing to prevent the other defendants from violating his eighth amendment rights.
 
 Dismissal under § 1915(d)
 
 20
 While the initial treatment of the a pleading is weighted in a pro se plaintiff's favor, but the court cannot, with propriety, become the pro se plaintiff's advocate. Denton v. Hernandez, 60 U.S.L.W. 4346 (U.S. May 5, 1992); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). A court, making a § 1915(d) review, has no obligation "to accept without question the truth of the plaintiff's allegations." Denton, supra, 60 U.S.L.W. at 4347. Thus, when faced with a complaint in forma pauperis under § 1915(a), the court must make the threshold determination whether the complaint should be dismissed as frivolous under § 1915(d). In order to dismiss a complaint as frivolous under § 1915(d), the court must be convinced that the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 109 S.Ct. 1827 (1989).
 
 Eighth Amendment Violation
 
 21
 In order to make out a violation of the eighth amendment, the plaintiff must establish two elements: (1) objectively, the plaintiff had serious medical needs and (2) subjectively, the defendants were deliberately indifferent to those serious medical needs. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir.1991). A complaint, in order to have an arguable basis in law, must include both of these elements.
 
 
 22
 Conversely, plaintiff has alleged neither. A medical need is objectively serious when a physician has diagnosed the need as demanding treatment or when the medical need is so obvious that even a lay person would recognize the need for treatment. Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981); Gomm v. DeLand, 729 F.Supp. 767, 778 (D.Utah 1990). The plaintiff, however, has not alleged that he was diagnosed as manic depressive prior to this incident and raging is not so obvious that a reasonable lay person would recognize the need for treatment. Objectively, the plaintiff has not presented facts which would show he had a serious medical need. Assuming manic depression to be a serious medical need, the second prong should be explored.
 
 
 23
 Moreover, there is no showing that any defendant was deliberately indifferent to the plaintiff's medical needs. The plaintiff was raging and the officers on the scene needed to quell the disturbance. Following this interlude, the plaintiff was punished for the disturbance. Rather than alleging that the defendant's were deliberately indifferent to a serious medical need, plaintiff has alleged that the defendant's were negligent in failing to notice his psychological condition and negligent in assessing the effect of their decisions upon his psychological condition. This does not amount to a violation of the eighth amendment, since a misdiagnosis or an inadvertent medical mistake is not a constitutionally cognizable claim. Estelle, 429 U.S. at 106; McCracken v. Jones, 562 F.2d 22, 25-26 (10th Cir.1977).
 
 
 24
 Plaintiff has no arguable legal or factual basis for his eighth amendment claim. Plaintiff attempts to place liability on defendants Vanderveur, Austin, McDonald, Carroll, and Gaber[1] because they failed to exercise supervisorial authority to procure medical treatment for him. Because there was no constitutional violation, a fortiori, these supervisorial officers cannot be held liable. Moreover, plaintiff must show some proximate causal link between the actions or inactions of these defendants and his alleged deprivation. Daniels v. Gilbreath, 668 F.2d 477, 480-481 (10th Cir.1982). "There is no concept of supervisor strict liability under § 1983." Ruark v. Solano, 928 F.2d 947, 950 (10th Cir.1991) (quoting Harris v. Greer, 750 F.2d 617, 618 (7th Cir.1984)). Plaintiff has not, and evidently cannot, make any such proximate cause claim against defendants Vanderveur, Austin, or McDonald. Therefore, suit against them, even had a constitutional violation occurred, would be improper. Before suit could be maintained against these defendants, additional facts showing some personal deliberate indifference to the plaintiffs condition by these defendants would need to be alleged.
 
 
 25
 The plaintiff's complaint against the other five defendants is that they ought to have sought a psychological opinion of the effect of their actions on the plaintiff. In essence, this amounts to an argument that the CUCF guards and disciplinary officers had a constitutional obligation to perform psychological screening of the plaintiff. There is no such constitutional obligation. Danese v. Asman, 875 F.2d 1239, 1243-44 (6th Cir.1989), cert. denied, 110 S.Ct. 1473 (1990). The Danese court made it clear that there is a distinction to be drawn between ignoring prisoners seriously in need of medical attention or failing to provide medical assistance to prisoners who request it and failing to screen prisoners to determine whether or not they require medical attention. Id. at 1244; Elliott v. Cheshire Co., 750 F.Supp. 1146, 1151-1153 (D.N.H.1990) (emphasizing that prison officials have no responsibility to anticipate or screen prisoners, in the context of a prisoner which committed suicide while in the prison). Therefore, the mere failure of the prison guards and disciplinary officers to determine whether the plaintiff needed psychological attention does not state a claim with any arguable basis in law or fact.
 
 
 26
 Finally, the plaintiff contends that defendants Nunley, Preston, and Eastman used abusive language and manners towards him. This does not state a claim with any arguable basis in law or fact. Without more, a mere claim of verbal harassment does not state a violation of any right within the meaning of § 1983. Cumby v. Meachum, 684 F.2d 712 (10th Cir.1982); Collins v. Cundy, 603 F.2d 825 (10th Cir.1979). Moreover, the de minimus use of physical force does not rise to the level of constitutional cognizance. Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992); Whitley v. Albers, 475 U.S. 312, 327 (1986). Therefore there is no arguable basis in law or fact for this claim either.
 
 Recommendation
 
 27
 The magistrate judge concludes that the complaint lacks any arguable basis in law or fact, and therefore should be dismissed, pursuant to 28 U.S.C. § 1915(d). IT IS SO RECOMMENDED
 
 
 28
 Copies of the foregoing report and recommendation are being mailed to the parties. They are hereby notified of their right to file objections hereto within 10 days from the receipt hereof.
 
 Ronald N. Boyce
 Ronald N. Boyce
 United States Magistrate Judge
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 It is unclear to what extent plaintiff is suing the defendants in their official capacity. To the extent that these plaintiffs are sued in their official capacity, such a suit cannot proceed. A suit against such defendants, as officials of the state, is essentially a suit against the state. Hafer v. Melo, 112 S.Ct. 358, 362 (1992). The Eleventh Amendment bars such a suit against the state without its consent. Edelman v. Jordan, 415 U.S. 651, 663 (1974); Kennecott Copper Corp. v. State Tax Comm., 327 U.S. 573, 579 (1946). Consent to sue has not been given in this case. See, Richins v. Industrial Construction, Inc., 502 F.2d 1051, 1055 (10th Cir.1974)
 However, in their individual capacity, the only possible liability would be essentially respondeat superior liability.