UNITED STATES COURT OF APPEALS
**Filed 8/20/96**
TENNTH CIRCUIT

KENNETH MARK HAY,

      Plaintiff-Appellant,

v.

NANCY GILES, Forensic Therapist;
LINDA GRAVES, Psychiatric Security
Specialist, Dept. SRS; SHERRY
KINGSTON, Social Worker,

      Defendants-Appellees.

No. 96-3142
(Dist. of Kansas)
(D.C. No. 96-CV-3137)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kenneth Mark Hay appeals the district court's dismissal of his action under 28 U.S.C. § 1983.[1] Hay brought suit against three female employees of the institution where he is incarcerated alleging that they sexually harassed him by observing him and other inmates showering. Hay alleges that the three women were not guards employed by the prison and thus they had no reason to be in the breakroom which he claims gives visual access to the showers. Hay requests that the prison relocate the breakroom or at least schedule showers at times that the breakroom is not used by female personnel. He also requests that these three women be charged with sexual harassment.

The district court construed Hay's action as seeking relief from violations of his constitutional right to privacy as well as his Eighth Amendment right to be free from cruel and unusual punishment. It then dismissed his complaint because

---

[1] The district court denied Hay's motion to proceed *in forma pauperis*. We hereby grant the motion and proceed to the merits of the case. The President recently signed into law amendments to 28 U.S.C. § 1915(b)(1), which now require inmates to make partial payment of court fees when possible. Hay filed his notice of appeal on April 15, 1996. The President signed the "Prison Litigation Reform Act of 1995" on April 26, 1996. *Green v. Nottingham*, No. 96-511, 1996 WL 384762, at *1 (10th Cir. July 10, 1996). On this basis, we do not apply the new provisions of section 1915(b)(1). *See Edens v. Hannigan*, No. 94-3352, 1996 WL 339763, at *1 n.1 (10th Cir. June 20, 1996) (concluding that provisions of the "Antiterrorism and Effective Death Penalty Act of 1996" did not apply to noncapital habeas appeal filed before the President signed the Act); *see also Green*, No. 96-511, 1996 WL 384762, at *6 (applying *in forma pauperis* provisions of the "Prison Litigation Reform Act of 1995" to a mandamus petition filed after the President signed the Act).

Hay did not allege deliberate indifference to serious harm resulting from the alleged violations. On the basis of *Cumbey v. Meachum*, the district court held that the occasional, inadvertent observations Hay alleged fell short of the standard established for a cognizable privacy claim. 684 F.2d 712, 714 (10th Cir. 1982).

In order to state a claim under section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Although these three women were employees of the state prison institution, the substance of Hay's complaint is that the violation of his constitutional rights occurred when the three were on breaks from work. They were not then acting under color of state law and Hay makes no allegations that the three named plaintiffs were responsible for any policy allowing this access. Hay alleges a simple sexual harassment suit and, under these facts, section 1983 does not provide a remedy.

Hay's complaint is thus DISMISSED.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge