FILED
United States Court of Appeals
Tenth Circuit

June 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NICHOLAS COX,

    Plaintiff - Appellant,

v.

FRANK DENNING, Sheriff; (FNU)
PROTHE; (FNU) MARRIOT; (FNU)
MAHANEY; (FNU) CORTRIGHT,

    Defendants - Appellees.

No. 15-3267
(D.C. No. 2:12-CV-02571-DJW)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

    Nicholas Cox, a pretrial detainee, appeals pro se from a district court order that granted summary judgment in the defendants' favor on some of his 42 U.S.C. § 1983 claims and from the results of a bench trial on his remaining claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Cox was arrested in October 2011 for aggravated domestic battery. He was held in the Johnson County, Kansas, Adult Detention Center (JCADC), where he was classified as a maximum-custody inmate. Several months later, JCADC staff overrode Mr. Cox's classification to medium custody for good behavior.

Over time, however, Mr. Cox accumulated certain periods in JCADC's segregation unit for rule violations, including fermenting alcohol. Cells in the segregation unit are equipped with video cameras, which are periodically monitored by a female deputy sheriff. While Mr. Cox was in segregation, he was required on at least twenty-six occasions to take his one hour of recreation time between midnight and 5:00 a.m.

Throughout his incarceration, Mr. Cox was approved for a kosher diet. When the contractor that supplied food to JCADC switched its kosher meal plan to a lacto-ovo vegetarian diet, Mr. Cox filed multiple grievances in one day. The next day, JCADC staff revoked the override on his custody classification and placed him in maximum-custody housing.

At some point, Mr. Cox learned of JCADC's policy to accept non-legal mail only by postcard. Pursuant to its policy, JCADC staff returned four envelopes that were addressed to Mr. Cox.

In August 2012, Mr. Cox filed suit in state court against Johnson County Sheriff Frank Denning and four of his deputies.[1] The defendants removed the case to federal court, where a pretrial order was entered, identifying Mr. Cox's § 1983 claims as targeting (1) the revocation of his custody-classification override in retaliation for complaining about his diet; (2) the assignment of a female deputy to monitor his in-cell camera; (3) the withholding of his mail; and (4) the requirement that he take his recreation period late at night while in disciplinary segregation. Mr. Cox filed several motions for the appointment of counsel, all of which were denied.

Both Mr. Cox and the defendants sought summary judgment. The district court concluded that JCADC's postcard-only policy violated Mr. Cox's First Amendment right to receive information while incarcerated. At an ensuing bench trial, the district court awarded Mr. Cox compensatory damages in the amount of $200 ($50 for his expenses in tracking down each of the rejected letters) against Defendants Denning, Prothe, and Cortright in their official capacities. Mr. Cox's retaliation claim challenging the revocation of his custody override survived summary judgment, but failed at trial based on evidence showing the revocation occurred because he was suspected of engaging in drug activity with another inmate—not because he had complained about his diet.

The remainder of Mr. Cox's claims did not survive summary judgment. Regarding his cross-gender monitoring claim, the district court found that the monitoring was brief, infrequent, and reasonably related to legitimate penological interests. As for

---

[1] Mr. Cox had also sued the food-service company and one of its employees, but he later dismissed those claims.

Mr. Cox's nighttime-recreation claim, the district court concluded that he lacked a constitutional interest in the time of day allotted for recreation.

## DISCUSSION

### I. Summary Judgment
### A. Standards of Review

"We review the district court's order granting summary judgment de novo." *Koessel v. Sublette Cty. Sheriff's Dep't*, 717 F.3d 736, 742 (10th Cir. 2013). Summary judgment is available if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where, as here, the defendants have asserted a qualified-immunity defense, the plaintiff must show "(1) a violation of a constitutional right (2) that was clearly established." *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). Like the district court, we focus on the first element, as "[f]ailure on either element is fatal to the plaintiff's claims." *Id.* In doing so, we view the evidence in the light most favorable to Mr. Cox, *see id.*, and we construe his pro se filings liberally, but we do not serve as his counsel in constructing arguments or searching the record, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### B. Cross-Gender Monitoring

Mr. Cox argues that his cross-gender monitoring claim should have survived summary judgment because "[i]t is not necessary or appropriate for a woman to be placed in the one in-cell monitor position." Aplt. Br. at 11. First, there is no per se constitutional bar to cross-gender monitoring. Rather, a cognizable privacy claim

4

depends on the frequency of monitoring and institutional concerns for safety, *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982), as well as the goal of providing equal employment opportunities, *Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990). Mr. Cox cites no evidence that female deputies were assigned to the monitoring center on anything more than a periodic basis. Nor does he cite any evidence indicating that cross-gender monitoring fails to advance JCADC's legitimate penological interest in maintaining a safe and secure segregation wing. Further, he speculates that there are enough male deputies to staff the video-monitor center and that there are "hundreds of [other] positions . . . available for women to fill." Aplt. Br. at 11. Speculation is insufficient, however, to avoid summary judgment, *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004), and jail officials are not required to employ the least restrictive alternative means to accommodate an inmate's constitutional complaint, *Turner v. Safley*, 482 U.S. 78, 90-91 (1987).

We conclude that summary judgment was properly entered against Mr. Cox on his cross-gender monitoring claim.

### C. Nighttime Recreation

Mr. Cox contends that JCADC's nighttime-recreation policy for detainees in disciplinary segregation constitutes punishment. He also complains of being tired during a court appearance because on the prior evening he was forced to take his recreation time around midnight. We conclude that summary judgment was appropriately entered on this claim for several reasons.

First, there is no free-standing constitutional right to a particular time of day for recreation. *Cf. Trujillo v. Williams*, 465 F.3d 1210, 1225 n.17 (10th Cir. 2006) (concluding that limited recreation time and other restrictions did not create a constitutional violation); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (stating that "the denial of recreation time may deprive inmates of many desirable, entertaining diversions the lack of which would not raise a constitutional issue"). Second, while sleep deprivation can give rise to a constitutional claim, *see Walker v. Schult*, 717 F.3d 119, 126-27 (2d Cir. 2013), the deprivation must be "extreme," *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Mr. Cox has identified only one instance in which a lack of sleep had any effect on him, and he does not characterize that effect as extreme. And third, although the Due Process Clause prohibits the punishment of a pretrial detainee before an adjudication of guilt, *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), "a restriction on a pretrial detainee does not constitute punishment unless it is (1) intended as punishment or (2) unrelated to a legitimate government objective," *Cordova v. City of Albuquerque*, 816 F.3d 645, 655 n.5 (10th Cir. 2016). The uncontroverted evidence shows that JCADC's nighttime-recreation policy for inmates in disciplinary segregation is designed to permit close monitoring of inmates who might pose a danger to themselves, other inmates, or staff. The policy is thus reasonably related to JCADC's safety interests and does not constitute unconstitutional punishment, "even if [it is] discomforting," *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013) (internal quotation marks omitted).

6

### D. Discovery

Mr. Cox contends the district court erred in denying his motion to extend the written discovery deadline to encompass a second round of discovery he had propounded after the deadline. In his motion, Mr. Cox explained that the requested discovery was "material to the pending summary judgment motions" and necessary to show "the way things really are." R., Vol. III at 169, 196. The defendants opposed the motion, arguing that Mr. Cox had more than ample time to conduct discovery before the deadline. The district court denied the motion, stating there was no showing of good cause.

Reviewing for an abuse of discretion, *see Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990), we conclude that the district court properly denied the motion. Specifically, Mr. Cox did not show that he had diligently pursued discovery before the deadline, that he could not have foreseen the need for the new discovery, or that the new discovery would likely lead to relevant evidence. *See id.* (identifying "several relevant factors in reviewing decisions concerning whether discovery should be reopened").

### II. Trial
### A. Revocation of Custody Override

Mr. Cox complains the district court erred in denying his motion to continue the trial so he could obtain the testimony of the other inmate suspected of drug activity in Mr. Cox's cell. "We review [the] denial of a motion to continue for abuse of discretion, assigning error only if the district court's decision was arbitrary or unreasonable and

7

materially prejudiced the defendant." *United States v. McKneely*, 69 F.3d 1067, 1076-77 (10th Cir. 1995) (brackets and internal quotation marks omitted).

Mr. Cox states that the testimony would have shown the other inmate lost his custody classification "because of his diabetes and had nothing to do with him going in my cell." Aplt. Br. at 10. But that testimony would not have undermined the evidence showing that Mr. Cox's classification was changed because of suspected drug activity. Moreover, the district court had previously granted Mr. Cox two continuances to prepare for trial. Nevertheless, Mr. Cox failed to include the other inmate on his witness list. Under these circumstances, we conclude that the district court did not abuse its discretion by denying Mr. Cox's request for another continuance.

### B. Damages for Postcard-Only Policy

"Damages are available for violations of § 1983 to compensate persons for injuries caused by the deprivation of constitutional rights." *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1214 (10th Cir. 1999). Mr. Cox complains that the $200 damages awarded for the violation of his right to receive information was inadequate. He maintains that the district court should have awarded him "a nominal per diem award for the [735] days [he] was held under the unconstitutional policy." Aplt. Br. at 11-12. But an award may not be based "on the abstract value of the constitutional right rather than on the actual injuries [the inmate] suffered from the denial of that right." *Makin*, 183 F.3d at 1215 (reversing trial court's per diem damages calculation). And Mr. Cox's actual injuries concerned only four returned letters. Mr. Cox cites no evidence that the $200 awarded by the district court failed to compensate him for his actual injuries. In short,

8

the district court's damages calculation is not based on an erroneous interpretation of the law or a clearly erroneous view of the facts. *See Southwest Stainless, LP v. Sappington*, 582 F.3d 1176, 1183 (10th Cir. 2009) ("In an appeal from a bench trial, we review the district court's factual findings for clear error and its legal conclusions de novo." (internal quotation marks omitted)).[2]

### III. Appointment of Counsel

Mr. Cox argues the district court should have appointed counsel so he could have more effectively litigated his claims. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "An abuse of discretion occurs where the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances" or "issue[d] an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (internal quotation marks omitted).

In deciding a motion for appointment of counsel, courts should consider factors including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks*, 57 F.3d at 979. The district court considered the appropriate factors and concluded they weighed against appointing counsel. In particular, the district court noted that the legal and factual issues raised by Mr. Cox were

---

[2] Mr. Cox also argues that the district court erred by "determining the credibility of the witnesses" and by considering "evidence [that] was improperly permitted." Aplt. Opening Br. at 4. He provides no further elaboration. Arguments inadequately briefed are waived. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

not overly complex and that he had demonstrated a sufficient ability to present his claims. We agree and add that Mr. Cox was able to defeat summary judgment on his revocation-of-custody claim and prevail at trial on his access-to-information claim. Moreover, after reviewing the record, we conclude that Mr. Cox had little likelihood of obtaining a better outcome even with appointed counsel.

The district court did not abuse its discretion in denying Mr. Cox's motions for appointment of counsel. As for Mr. Cox's motion for appointment of appellate counsel, we deny it for the same reasons the district court cited in denying appointed trial counsel.

**CONCLUSION**

The judgment of the district court is affirmed. Mr. Cox's motion to proceed on appeal in forma pauperis is granted, but we remind him of his obligation to make partial payments until the filing fee has been paid in full.

Entered for the Court

Carolyn B. McHugh
Circuit Judge