**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 16, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LARRY ALLEN THOMPSON,
a/k/a Larry Allen Range,

     Plaintiff - Appellant,

v.

JASON LENGERICH; JENNIFER
HANSEN; WILLIAM CATTELL;
COLORADO DEPARTMENT OF
CORRECTIONS,

     Defendants - Appellees.

No. 22-1128
(D.C. No. 1:18-CV-00588-RM-SKC)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Larry Allen Thompson is a Colorado inmate. He filed this 42 U.S.C. § 1983

lawsuit against several officials from the Colorado Department of Corrections. The

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court dismissed his claims under Federal Rule of Civil Procedure 12(b)(6). He appeals,[1] and we affirm.

## I.  Background

Mr. Thompson's operative complaint alleged the following facts.  Officials at the Buena Vista Correctional Facility transferred him to a unit with communal showers.  As prison officials knew, however, he is unable to shower in such a setting because he suffers posttraumatic stress stemming from sexual abuse he endured as a child.  After his transfer to the new unit, he refused to shower for twenty-five days until prison officials again allowed him to shower in private.

Mr. Thompson also made allegations about conditions at Buena Vista more broadly, asserting that the facility was understaffed and overcrowded.  His cell measured fifty-four square feet, with twenty-one-and-a-half square feet of unencumbered floor space.  It had sealed windows and "inadequate ventilation." R. at 136.  Mr. Thompson shared the cell with another inmate, spending an average of eighteen to twenty-four hours per day in it.  During one lockdown for an influenza outbreak, he had to remain in the cell for eleven days without cleaning supplies, allowed out only four times for ten minutes to shower.  He also described several acts of violence (none involving him) that he attributed to staffing shortages.  In addition to describing these specific acts of violence, he alleged that understaffing had led to

---

[1] Mr. Thompson represents himself, so we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

assaults and murders, but he did not offer specific information about how often such violence occurred. He was ultimately transferred from Buena Vista to a different facility.

Based on these allegations, Mr. Thompson raised four claims:

1. Prison officials violated his Fourteenth Amendment right to bodily privacy by giving him access to only communal showers.

2. Prison officials violated his Fourteenth Amendment right to equal protection by denying him private showers while providing them to transgender and intersex inmates.

3. Prison officials violated his Eighth Amendment rights by giving him access to only communal showers.

4. Jason Lengerich (the Buena Vista warden) violated his Eighth Amendment rights because the facility was overcrowded and understaffed.[2]

The district court dismissed the claims under Rule 12(b)(6), concluding the defendants are entitled to qualified immunity.

## II. Discussion

We review the district court's dismissal de novo. *See Doe v. Woodard*, 912 F.3d 1278, 1288 (10th Cir. 2019). At this stage in the litigation, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for constitutionality." *Thompson v. Ragland*, 23 F.4th 1252, 1256 (10th Cir. 2022) (brackets and internal quotation marks omitted). We accept as true all well-pleaded

---

[2] Mr. Thompson also presented a claim against the Colorado Department of Corrections, and the district court dismissed it. Mr. Thompson does not challenge that ruling in his brief, so he has waived any argument against it. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

When a defendant asserts qualified immunity in a motion to dismiss, the plaintiff must show (1) that the defendant violated a constitutional right and (2) that the constitutional right was clearly established. *See Woodard*, 912 F.3d at 1289. Courts have discretion to decide which qualified-immunity prong to consider first. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

An "official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right." *Frasier v. Evans*, 992 F.3d 1003, 1014 (10th Cir.) (brackets and internal quotation marks omitted), *cert. denied*, 142 S. Ct. 427 (2021). To show that law is clearly established in our circuit, ordinarily the plaintiff must identify "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.* (internal quotation marks omitted). The precedent must establish the right in "the specific context of the case, not as a broad general proposition." *Id.* (internal quotation marks omitted).

4

**A.  Fourteenth Amendment Right to Bodily Privacy**

Prison officials may restrict an inmate's privacy rights "only to the extent necessary to further the correction system's legitimate goals and policies."  *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982).

Mr. Thompson has not shown a clearly established right to shower in private.  Arguing otherwise, he points to *Farmer v. Perrill*, 288 F.3d 1254 (10th Cir. 2002).  But *Perrill* involved strip searches, so it does not clearly establish a right in the context of this case.  *See id.* at 1257.  The district court correctly concluded that the defendants are entitled to qualified immunity.

**B.  Fourteenth Amendment Right to Equal Protection**

The Equal Protection Clause requires the government to treat similarly situated people alike.  *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  "Individuals are similarly situated only if they are alike in all relevant respects."  *Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (internal quotation marks omitted).

Mr. Thompson is not like transgender and intersex inmates in all relevant respects.  Whether an inmate is transgender or intersex is relevant to the inmate's need for a private shower because transgender and intersex inmates may face an additional risk of assault.

This conclusion does not conflict with our prior decision in this case.  In an earlier appeal, we concluded that Mr. Thompson's equal-protection claim was not frivolous.  *Thompson v. Lengerich*, 798 F. App'x 204, 213 (10th Cir. 2019).  But the

fact that a claim is not frivolous does not mean it will necessarily survive scrutiny under Rule 12(b)(6). *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989).

Mr. Thompson faults the district court for saying that he is not similarly situated to transgender and intersex inmates in all *material* respects rather than all *relevant* respects. But the district court merely used *material* as a synonym for *relevant*, and we see no error in that. Besides, our de novo review confirms that Mr. Thompson is not similarly situated to transgender and intersex inmates in all relevant respects. The district court correctly dismissed his equal-protection claim.

## C. Eighth Amendment Conditions-of-Confinement Claims

The Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Conditions may be "restrictive and even harsh." *Id.* at 347. Still, prison officials must "provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). A conditions-of-confinement claim has two elements. First, the alleged conditions must be sufficiently serious—that is, they must "deprive an inmate of the minimal civilized measure of life's necessities" or "subject an inmate to a substantial risk of serious harm." *Brooks v. Colo. Dep't of Corr.*, 12 F.4th 1160, 1173 (10th Cir. 2021) (internal quotation marks omitted). Second, the prison official must act with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official will not be liable unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

6

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

### 1. Communal showers

Mr. Thompson failed to allege facts that could show officials violated the Eighth Amendment by giving him access to only communal showers for twenty-five days. He did not allege that they deprived him of all ways to clean himself, only that they refused to provide a specific way to do so—private showers. Nor does he allege facts showing that, in giving him access to only communal showers for twenty-five days, the defendants disregarded a substantial risk to his health or safety.

### 2. Overcrowding and understaffing

Requiring Mr. Thompson to share a cell with another inmate did not itself amount to an Eighth Amendment violation. *See Rhodes*, 452 U.S. at 348–49. And Mr. Thompson did not allege facts showing that the cramped conditions and inadequate ventilation subjected him to a risk of harm.

We are not persuaded otherwise by Mr. Thompson's reliance on *Ramos v. Lamm*, a case involving unconstitutional prison conditions. 639 F.2d 559, 567–70 (10th Cir. 1980). Granted, Mr. Thompson's cell offered fewer square feet per inmate than most of the cells in *Ramos*.[3] *See id.* at 568–69. But the facility in *Ramos* had many problems beyond its small cells. For example, the facility had leaky roofs, a heating and ventilation system that could not provide adequate temperature control

---

[3] The record in *Ramos* did not disclose the exact size of some cells at issue in that case. *See* 639 F.2d at 569 & nn.12 & 14.

7

and ventilation, excessive mold and fungus growth, sewage accumulating in cells, rodent and insect infestations, exposed electrical wiring, broken cell windows, and stained and soiled bedding.  *Id.* at 569–70.  Although Mr. Thompson also alleged inadequate ventilation in his cell, he failed to allege facts showing that the poor ventilation created risks to his health.  *Cf. id.* at 569 (explaining that inadequate ventilation caused excessive odors, heat, and humidity, "creating stagnant air as well as excessive mold and fungus growth").  In short, we agree with the district court that Mr. Thompson's complaint did not allege facts showing conditions anywhere "near as egregious as the conditions" in *Ramos*.  R. at 270.

Although Mr. Thompson described a handful of violent acts involving other inmates, he failed to allege facts showing that Mr. Lengerich disregarded a risk that Mr. Thompson himself would be harmed.  A prison official may be liable if "a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."  *Farmer*, 511 U.S. at 843.  Mr. Thompson did not allege facts providing any reason to think he faced a higher risk of attack than the average Buena Vista inmate.  Nor did he allege facts showing that violence at Buena Vista was so widespread that all inmates in his situation obviously faced a substantial risk of serious harm.

Here again, Mr. Thompson's comparison of the conditions at Buena Vista to those in *Ramos* does not persuade us.  In *Ramos*, the evidence showed that the facility in that case had been "plagued with violence and the fear of violence."  639 F.2d at 572.  Indeed, many inmates at the facility in *Ramos* directed their efforts "at merely

8

staying alive." *Id.* at 573. Prison records showed "a significant number of stabbings, assaults, fights, and threats." *Id.* And expert witnesses concluded that staffing levels could not "provide a reasonably safe environment for inmates." *Id.* Mr. Thompson's complaint does not allege facts showing inmates at Buena Vista faced a comparable environment.

As for the eleven-day lockdown to address an influenza outbreak, Mr. Thompson did not allege facts showing that it imposed more than temporary discomfort. *See Hutto v. Finney*, 437 U.S. 678, 686–87 (1978) (recognizing that a "filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months"). Nor did he allege facts showing that Mr. Lengerich disregarded a risk to Mr. Thompson's health or safety during the lockdown.

For these reasons, the district court correctly concluded that Mr. Lengerich is entitled to qualified immunity.

### D. Discretionary Rulings

Mr. Thompson challenges the district court's rulings denying him appointed counsel and staying discovery. We review these rulings for an abuse of discretion. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (appointed counsel); *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002) (staying discovery). Mr. Thompson's claims are not complicated, and they lack merit. In addition, he capably presented the claims. So the district court did not abuse its discretion by declining to appoint counsel. *See Rucks*, 57 F.3d at 979 (identifying

factors bearing on whether to appoint counsel).  Nor did the court abuse its discretion when it stayed discovery, for "a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[4]  *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014).

### III.  Conclusion

We affirm the district court's dismissal.  We deny as moot Mr. Thompson's motion to proceed without prepaying costs or fees; he has paid the filing fee in full.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[4] To the extent Mr. Thompson separately argues that the district court should have conducted an "independent judicial investigation," we reject that argument. Aplt. Br. at 6.  Mr. Thompson cites no authority requiring a judicial investigation.